STATE THEATRE COMPANY, PLAINTIFF-APPELLANT. *v.*
SCHAFER ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Mahoning County.

No. 4188.   Decided January 30, 1962.

*Messrs. Hammond & Hammond,* for plaintiff-appellant.
*Messrs. Harrington, Huxley & Smith,* for defendants-appellees.

(HUNSICKER, P. J., DOYLE, J., of the Ninth District, SKEEL, J., of the Eighth District, sitting by designation in the Seventh District.)

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the defendants upon trial to the court on the merits by the Common Pleas Court of Mahoning County. The action is one seeking a declaratory judgment, praying for a determination of plaintiff's rights under certain of the terms of a ninety-nine year lease wherein the plantiff is lessee and the defendants, successor-lessor, of City Lot 22 in the City of Youngstown. The lease was executed June 16, 1925, granting lessee the right to occupy all of City Lot No. 22 facing on the south side of West Federal Street and running southerly between parallel lines to the north side of Market Court. The plaintiff, in subsequent transactions, became the owner of City Lots Nos. 32, 33 and 34, the rear of which lots face on the south side of Market Court directly opposite City Lot 22. The predecessor in title of City Lot 22, one Charles Schafer, in connection with the leasing of City Lot 22 to the plaintiff, procured a license or was granted authority from the City of Youngstown for himself, his heirs and assigns, to construct and maintain and use a foot passageway extending over Market Court from the rear of City Lot 22 to the rear of City Lots Nos. 32, 33 and 34, such authority requiring that such foot passageway, when constructed, provide a clearance of fourteen feet (14 feet) above Market Court and be fastened to the walls of buildings to be built facing on said Market Court, located on City Lot No. 22 and City Lots Nos. 32, 33 and 34. At the time of executing the ninety-nine year lease, Charles Schafer agreed to and did "sell, assign, transfer and set over unto the lessee, State Theatre Company, all and singular of the rights and privileges granted to me (Schafer) under an ordinance of the City of Youngstown * * *" to construct said overhead bridge or "foot passage" permitted under the authority of said ordinance.

As a result, the purchase of said right by the plaintiff, and the ninety-nine year lease of City Lot 22, the plaintiff constructed a moving picture theatre on City Lots Nos. 32, 33 and 34, whereby the entrance to the theatre was from West Federal Street (a main downtown thoroughfare of the City of Youngs-

town) through a lobby constructed on City Lot 22 to the overhead bridge as permitted by the ordinance over Market Court over which bridge entrance was and is gained to the theatre.

The lease provided that the rent should be subject to negotiation at specified periods based upon a six percent (6%) return on the then fair market value of the land covered by the lease as agreed upon by the parties. If the parties could not agree, then provision was made for the appointment of appraisers to fix the value of the land. The parties could not agree on the rent for the ten year period commencing June 1, 1960, so that outside appraisers were required.

The provision of the lease in controversy provides:

"* * * at the beginning of each of said periods (the value of the land shall) be determined by the same procedure (where agreement could not be reached by the appointment of appraisers) and the amount of the rent per annum so arrived at, as of the first day of June of each period based on six per cent (6%) return on the fair market value of the value of the land only * * *."

The appraisers appointed to fix the value of the land to determine the rent for the rent period beginning June 1, 1950, showed on their return that in coming to the conclusions as to the value of the land of City Lot 22, they included or considered "bridge rights" which were then the property of the plaintiff. This action was commenced by the plaintiff seeking a declaratory judgment to instruct the appraisers appointed to determine the value of the land for the period beginning June 1, 1960, not to consider "bridge rights" in fixing the "value of the land only" as the basis for determining the rent for the ten year period, the parties having been unable to agree.

At the outset, it is perfectly clear that the right (which is owned by the plaintiff, State Theatre Company) to maintain an overhead foot bridge over Market Court between its building constructed on the leased land (City Lot No. 22) to its theatre building built on its land (City Lots Nos. 32, 33 and 34) is no part of nor an appurtenance to City Lot No. 22. Such right to build the bridge constituted a license which the plaintiff acquired by purchase from Charles Schafer. Such right was not a part of nor was it contained in or granted by the terms of the

lease. Such sale of the license was outright and not subject to any of the conditions or terms of the lease.

The bridge rights, granted by the City without consideration to it, to Charles Schafer were undoubtedly a necessary preprequisite in inducing the plaintiff to rent defendants' land. The right to build a bridge was acquired by purchase by the plaintiff so that if default were to occur as to the terms of the lease, the cancellation of the lease for such default would not reinvest in the defendants the bridge rights sold without reservation to the plaintiff.

By the lease, the consideration flowing to the defendants under its terms, was, within fixed maximum and minimum limits, to be based on a six percent (6%) return on the market value of the "land only," the parties clearly indicating a limitation to be given the meaning of the word "land" when considered by the appraisers to fix its value on its location in the neighborhood. Any special value or added value that might come about because of any particular use that the lessee might make of the particular lot that would make it more valuable than that of other land in the immediate vicinity was clearly eliminated. The terms of the lease are not ambiguous in the slightest, it being demonstrated therein that in fixing its value, just the market value of the "land only" was to be considered.

The claim that the defendants' land is enhanced in value because of the so-called bridge rights is not sustained by the facts. The plaintiff's property, bordering on Market Court, is the property enhanced in value by the bridge rights gratuitously conferred by the city. Such rights created a West Federal Street frontage for plaintiff's lots by reason of the buildings purposely designed to include a bridge permitted by the ordinance. The defendants' land was on West Federal Street, which was the fact that induced the plaintiff to seek the right to use it in connection with the construction of its theatre. If the bridge rights could be said to be an "incorporeal hereditament" or a thing incidentally appurtenant to any of the property here involved, such advantage would be to plaintiff's land upon which the theatre was built. The conclusion that must be reached, from the undisputed facts, is that the advantage in the right to bridge Market Court was to be accomplished, and the

privilege enjoyed, by the construction of the buildings without which such rights were of no value. It, therefore, must be concluded that the license to bridge Market Court, owned by the plaintiff, should not be considered in fixing the fair market value of the "land only" for the purpose of determining the rent for the ten year period beginning June 1, 1960, under the lease between the parties to this action.

The judgment of the Common Pleas Court is, therefore, reversed for the reasons here stated and final judgment, as prayed for, is to be entered for the appellants.

HUNSICKER, P. J., and DOYLE, J., concur.